UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DORIEN MORRISSETTE, | ) |
| Plaintiff, | ) |
| v. | ) 16-3140 |
| QUENTIN R. BOYD, *et al.* | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Lincoln Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging excessive force and conditions-of-confinement claims for events that allegedly occurred during his incarceration at Jacksonville Correctional Center.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."

Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff alleges that while incarcerated at Jacksonville Correctional Center ("Jacksonville") several prison guards "bum rushed" him because they misinterpreted a song he was singing to himself as a threat.  Plaintiff alleges that he was then handcuffed and physically dragged through the mud in such a manner that his "entire clothes came off."  Plaintiff alleges he received scrapes to his legs, body, and private areas.  Plaintiff alleges a nurse only examined his feet and did not document his injuries.

Plaintiff alleges that he was then placed in segregation for seven (7) days while jail officials investigated the incident.  Plaintiff alleges that for at least a portion of the time spent in segregation, he was without shoes.  Eventually, Plaintiff alleges that he was found guilty of a minor infraction (insolence) and transferred to a different minimum security facility.

## ANALYSIS

### Excessive Force

In Eighth Amendment claims for excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citation omitted); see DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000) (applying Hudson). In making this determination, the court may examine several factors, "including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Dewalt, 224 F.3d at 619. Significant injury is not required, but "a claim ordinarily cannot be predicated on a de minimis use of physical force." Id. at 620 (citing Hudson, 503 U.S. at 9-10). "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights." Id.

Plaintiff's allegations suggest that the need for force was completely unnecessary as he was not being disruptive at the time

the jail officials "bum rushed" him, and that he was otherwise compliant with the officials' commands. An incident report attached to Plaintiff's Complaint states that the video of the incident shows Plaintiff "putting his hands up in a surrender positions when staff were applying restraints." (Doc. 1-1 at 1).

Therefore, the Court finds that Plaintiff states an Eighth Amendment claim for excessive force against Defendants Boyd, John Doe, and Jane Doe.

## Conditions-of-Confinement

Plaintiff alleges that he should not have been confined to segregation, and, while there, he was deprived of shoes. The duration of Plaintiff's segregated confinement lasted seven (7) days, and does not appear to have lasted longer than was necessary for prison officials to investigate the allegations pending against him. See Holly v. Woolfolk, 415 F.3d 678, 680 (7th Cir. 2005) (no constitutional violation for temporary segregation for an alleged violation of a disciplinary rule. Such a situation is analogous to an arrest without a warrant pending a probable cause hearing).

The standard for analyzing a conditions-of-confinement claim in the corrections context is well-established: a prison official is

liable for denying a prisoner of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm.  Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008).  The court must first determine whether the conditions at issue were "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 832, 834 (1994) (internal quotation marks omitted); see also Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006).  Jail conditions may be uncomfortable and harsh without violating the Constitution.  See Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]"  Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996) (citing Farmer, 511 U.S. at 832).  Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." Henderson v. Sheahan, 196 F.3d 849, 845 (7th Cir.1999) (quoting Hudson, 503 U.S. at 9).

The Seventh Circuit recently noted that conditions-of-confinement claims require "deprivations of *essential* food, medical care, or sanitation." Burton v. Downey, 805 F.3d 776, 786 (7th Cir.

2015) (quoting Rhodes v. Chapman, 452 U.S. 337, 348 (1981)) (emphasis in original).  Plaintiff alleges he was deprived of shoes, but does not otherwise allege any facts that would show that he suffered a deprivation serious enough to trigger constitutional concerns.  Plaintiff alleges he was given "segregation clothing" and that he was given food, although he did not want to eat it.  Plaintiff does not allege that the conditions were unsanitary.  Therefore, the Court finds that Plaintiff has failed to state a conditions-of-confinement claim.

## Medical Treatment

Inmates are entitled to adequate medical care under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need.  Id. at 105.  Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient.  McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).  Rather, liability attaches when "the official knows of and disregards an excessive risk to inmate health

or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges he received scrapes and bruises, but these injuries do not suggest that he suffered from an objectively serious medical condition. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)); see also Roberts v. Samardvich, 909 F. Supp. 594, 606 (N.D. Ind. 1995) (one-inch laceration was not a "serious medical need" absent evidence that the wound was life-threatening or posed a risk of needless pain or lingering disability, and where laceration bled only for a short time and was treated with hydrogen peroxide and a bandage); Williams v. Elyea, 163 F. Supp. 2d 992, 997 (N.D. Ill. 2001) (quarter-inch laceration in mouth not serious medical need where it was not actively bleeding, not red, and had no discharge).

Moreover, Plaintiff has not alleged sufficient facts to show that prison officials were deliberately indifferent.  Plaintiff was taken to the healthcare unit for examination within a relatively short time after the incident and he was examined by the nurse.  Though Plaintiff alleges that the nurse did not document his injuries, Plaintiff does not allege that he had any lasting medical effects from the injuries he alleges.  Therefore, the Court finds that Plaintiff has failed to state a claim for deliberate indifference to a serious medical need.

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff states claim for excessive force against Defendants Boyd, John Doe, and Jane Doe.  All remaining defendants shall be dismissed.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2) **Plaintiff filed a Motion to Request Counsel [5].  The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993).  Plaintiff has not shown that he made a**

reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion [5] is DENIED with leave to renew.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Attempt service on Defendants pursuant to the standard procedures;

2) **Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and,**

3) **Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

ENTERED:   July 29, 2016

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE